**\*\*\* NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER \*\*\***

**Electronically Filed
Supreme Court
SCWC-18-0000699
21-JUN-2021
09:25 AM
Dkt. 58 MO**

SCWC-18-0000699

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

———————————————————————————

U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR CSMC MORTGAGE LOAN TRUST 2006-7,
Petitioner/Plaintiff-Appellee,

vs.

WATOSHINA LYNN COMPTON,
Respondent/Defendant-Appellant,

and

GABI A. BENGIS; RON SERLE;
DEPARTMENT OF TAXATION – STATE OF HAWAI'I,
Respondents/Defendants-Appellees.

———————————————————————————

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-18-0000699; CIVIL NO. 17-1-0025(3))

MEMORANDUM OPINION
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

This appeal arises from U.S. Bank National Association as

Trustee for CSMC Mortgage Loan Trust 2006-7's ("U.S. Bank")

motion for summary judgment and interlocutory decree of

foreclosure ("MSJ") against Watoshina Lynn Compton ("Compton").

U.S. Bank initiated foreclosure proceedings against Compton in January 2017.  In February 2018, U.S. Bank moved for summary judgment.  U.S. Bank supported its MSJ with loan documents, including a promissory note (the "Note") executed by Compton in favor of Countrywide Home Loans, Inc. ("Countrywide").  Two declarations also supported U.S. Bank's MSJ.  Carol Davis, an employee of Nationstar Mortgage LLC, U.S. Bank's loan servicer, prepared one; Gina Santellan, a custodian of records for U.S. Bank's counsel, wrote the other.

The circuit court granted U.S. Bank's motion.  It entered judgment for U.S. Bank.  Compton appealed.  On appeal, Compton argued that because U.S. Bank had not established its possession of the Note at the time it filed its complaint, the circuit court had erred in concluding U.S. Bank had standing to sue. The ICA agreed.  It ruled that because neither Davis nor Santellan could speak to the record-keeping practices of the Note's creator, Countrywide, the Note could not be admitted under the business records exception to the hearsay rule.  Given the inadmissibility of the Note, the ICA concluded, U.S. Bank was not entitled to summary judgment: there was a "genuine issue of material fact as to whether U.S. Bank had standing to initiate this foreclosure action when it was commenced."

On certiorari, U.S. Bank presents two questions: (1) "To

introduce a promissory note into evidence, must a creditor satisfy the business records exception to the hearsay rule?" and (2) "If a party incorporates a third party's records into its own, must it present testimony about the third party's record-keeping in order to satisfy the business records exception?"

We answered these questions in U.S. Bank v. Verhagen, SCWC-17-0000746 (Haw. June 21, 2021).

As we explained in Verhagen, promissory notes are not hearsay because they have independent legal significance.  Here, U.S. Bank presented the Note to establish Compton's legal obligation to the Note's holder.  The Note was therefore not hearsay and need not fall within an exception to the hearsay rule to be admissible.

Our opinion in Verhagen also explained that under the incorporated records doctrine, the foundation for the admission of business records incorporated into the records of a receiving business can, in certain cases, be established by testimony from a custodian or other witness qualified to testify about the record-keeping practices of the incorporating business.  The ICA thus erred in ruling that the Note was inadmissible absent testimony about its creator's record-keeping systems.

Here, U.S. Bank has submitted admissible evidence that collectively shows it possessed the original Note, indorsed in blank, at the time it sued Compton.  Compton has not set forth

any "specific facts showing that there is a genuine issue" as to whether U.S. Bank actually possessed the Note at the time it filed suit.  See Hawai'i Rules of Civil Procedure Rule 56(e).  By showing it possessed and was entitled to enforce the Note when it filed its complaint, U.S. Bank has established its standing to foreclose against Compton.  See Bank of Am., N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017) (holding that to establish standing a foreclosing plaintiff must show it was entitled to enforce the subject note when the lawsuit began).  The circuit court correctly determined that U.S. Bank provided Compton the necessary notice of default.  The Note is valid and Compton is in default under its terms.  U.S. Bank is thus entitled to summary judgment.

Accordingly, we hold the ICA erred in reversing the circuit court's grant of summary judgment to U.S. Bank.  We vacate the ICA's memorandum opinion and judgment on appeal and affirm the circuit court's findings of fact, conclusions of law and order

granting plaintiff's motion for summary judgment against all defendants and for interlocutory decree of foreclosure.

DATED:  Honolulu, Hawaii, June 21, 2021.

Jade Lynne Ching,
(David A. Nakashima, Ryan B.
Kasten, Alan M. Hurst, and
Justin D. Balser on the briefs)
for petitioner

Matthew K. Yoshida,
(Keith M. Kiuchi on the briefs)
for respondent

Patricia J. McHenry,
for Amicus Curiae
Federal Housing Finance Agency

Crystal K. Rose and
Adrian L. Lavarias
for Amicus Curiae
Mortgage Bankers Association and
Mortgage Bankers Association of
Hawaii

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

